W. S. DICKINSON, ET AL. *v.* JACOB BEAHR, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—359.]

**Creditors' Agreement.**

Where all the creditors of an insolvent agree that the debtor's property shall be taken by a trustee for the benefit of all the creditors, one of such agreeing creditors will not be allowed an advantage over the rest by reason of the sale of the real estate under his execution. The proceeds of such a sale should be shared by all the creditors alike.

APPEAL FROM GARRARD CIRCUIT COURT.

November 13, 1884.

OPINION BY JUDGE LEWIS:

Appellant in common with all the other creditors of the failing debtor, Hopper, was a party to the written contract by which it was agreed that his estate should be assigned to the trustee for the benefit of his creditors. Though there may be some question whether if rigidly construed the instrument extends to and embraces the real property belonging to Hopper at the time, it is nevertheless manifest that the creditor understood and entered into the agreement upon the faith and belief that all the property of the debtor was to be taken possession of by the assignee and divided amongst all the creditors pro rata.

Good faith and fair dealing therefore require that appellant should abide by the agreement as understood and entered into by all the parties to it, and that whatever technical advantage he may have acquired by the sale under his execution should be shared by all the creditors alike.

Wherefore the judgment is *affirmed*.

*Anderson & Herndon, for appellants.*

*Denny & Tomlinson, for appellees.*